**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| BRIAN M. DAVIS,<br><br>*Plaintiff*,<br><br>v.<br><br>RONNIE PRINCE, RICK GENTRY, and NIKIA ELLIOT,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-61<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Michael J. Dumitru |

---

**MEMORANDUM AND ORDER**

---

Plaintiff, an inmate of the Bedford County Justice Complex, filed a pro se complaint for violation of 42 U.S.C. § 1983 challenging the treatment he received after he broke his finger during his confinement (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 5). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I. FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) that he cannot pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month

period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However,

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, pro se filers must abide by "basic pleading standards[,]" and "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation marks and citations omitted).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Allegations**

On May 19, 20206, Plaintiff broke his finger in a basketball game (Doc. 1, at 12). Two guards took Plaintiff to the nurse, who gave him ibuprofen for his pain, but the ibuprofen "didn't help." (*Id.*) The nurse also wrapped Plaintiff's finger using a popsicle stick and told him they would do an x-ray that day. (*Id.*)

The next day, Plaintiff received an x-ray and saw Dr. Mathews, who told Plaintiff "he could break it back in place but he didn't know if he could." (*Id.*) Plaintiff did not receive any other medications for his finger. (*Id.*)

Plaintiff was then placed "[b]ehind a [d]oor 23 and 1," after which he "ask[ed] for more time because it was hard to take a shower." (*Id.*) But the guards told Plaintiff Defendant Prince refused this request. (*Id.*)

On June 8, Plaintiff put in another request for sick call, and he was charged for both the sick call visit and ibuprofen. (*Id.*)

On June 12, Plaintiff saw another doctor, who initially stated he could break Plaintiff's finger back into place because it was broken two days ago. (*Id.*) But after Plaintiff informed the doctor that the finger was broken twenty-four days ago, the doctor stated that he could not break

the finger back into place, as it had been too long, and Plaintiff would have to have surgery. (*Id.* at 12–13.)

On June 22, Plaintiff received surgery on his finger, at which point he received medication and a doctor saw him twice a day for three days. (*Id.* at 13.) On June 29, Plaintiff's finger still hurt, so he was taken back to a doctor but did not receive medication. (*Id.*) On July 7, Plaintiff put in another sick call for pain, but "[t]hey did nothing." (*Id.*) Plaintiff put in additional sick calls on July 16 and August 3, and he went back to the doctor on August 10 to get the pin out of his hand. (*Id.*) Unspecified persons told Plaintiff he would have physical therapy, but he did not. (*Id.*) Plaintiff states that he can move his finger a little but not much and will deal with this for the rest of his life. (*Id.*)

Plaintiff has sued Jail Administrator Ronnie Prince, Lieutenant Rick Gentry, and Captain Nikia Elliot. (*Id.* at 2–3.) As Plaintiff has sued Defendants Prince and Gentry in their official and individual capacities (*Id.*), the Court assumes that he also sues Defendant Elliot in both capacities. Plaintiff seeks monetary and injunctive relief. (*Id.* at 5.)

**C. Analysis**

**1. Official Capacity Claims**

Plaintiff's claims against Defendants in their official capacities are actually against their employer, Bedford County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Bedford County cannot be liable under § 1983 based solely on acts of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Rather, it can

only be liable under § 1983 where its custom or policy caused a violation of Plaintiff's constitutional rights. *Id.* at 694.

To the extent Plaintiff alleges that he was charged for a medical visit and medication due to a custom or policy of Bedford County, this allegation fails to implicate a constitutional right, as there is no constitutional prohibition against a policy requiring payment for medical expenses. *See Bailey v. Carter*, 15 F. App'x 245, 250–51 (6th Cir. 2001) (holding policy requirement of payment for medical services, where funds are available, does not violate an inmate's constitutional rights); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation).

Plaintiff's complaint does not otherwise contain facts from which the Court can plausibly infer that any incident set forth therein was due to a custom or policy of Bedford County. As such, Plaintiff's claims against Defendants in their official capacities are **DISMISSED**.

**2. Individual Capacity Claims**

To state a claim against an individual Defendant in his individual capacity, the complaint must plausibly allege that he or she was personally involved in violating Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Iqbal*, 556 U.S. at 676 (holding that, to state a plausible claim for violation of § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

**a. Gentry and Elliot**

Plaintiff's complaint does not allege that Defendants Gentry and Elliot were personally involved in any incident in the complaint. And Plaintiff cannot hold these Defendants liable under

§ 1983 based on the actions of their subordinates. *Iqbal*, 556 U.S. at 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*").

As such, the complaint fails to state a plausible claim for § 1983 relief as to these Defendants, and they are **DISMISSED**.

**b. Prince**

Plaintiff's only allegation against Defendant Prince is that this Defendant denied Plaintiff's request for longer time to shower. (Doc. 1, at 12.) However, Plaintiff provides no facts about this denial from which the Court could find that it created an "extreme deprivation[]" that denied him "'the minimal civilized measure of life's necessities," such that it could rise to the level of a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted).

As such, this Defendant is also **DISMISSED.**

**c. Remaining Allegations**

While Plaintiff did not name any of the medical providers referenced in his complaint as Defendants herein, out of an abundance of caution the Court notes that the factual allegations in the complaint do not allow the Court to plausibly infer that any of those medical providers were deliberately indifferent to Plaintiff's medical needs, such that they could be liable for the incidents in the complaint under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (providing that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" that violates the Eighth Amendment) (quotation marks and citation omitted); *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (providing that the subjective prong of a deliberate indifference claim requires a plaintiff to show that "the official knows of and

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **GRANTED**;

2. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**